## MAE B. REGER
*vs.*
## ADMINISTRATOR, UNEMPLOYMENT COMPENSATION ACT

Superior Court          New Haven County          File No. 66390

MEMORANDUM FILED OCTOBER 23, 1945.

*James F. Rosen,* of New Haven, for the Plaintiff.

*Harry Silverstone,* Assistant Attorney General, for the Defendant.

MELLITZ, J.   The plaintiff appeals from the action of the Commissioner for the Third Congressional District denying her claim for unemployment compensation benefits.

The plaintiff is a young married woman who was employed by a wholesale grocer in New Haven from March, 1943, until January, 1944. She voluntarily left her employment to go to Ozark, Alabama, in order to be near her husband, a member of the armed forces, stationed at Camp Rucker, Alabama. Shortly after her arrival in Ozark she registered for work and was classified as a general office clerk. Ozark has a population of approximately 4,500, and the largest town close to Ozark is Dothan, about 28 miles distant, with a population of approximately 25,000. The plaintiff was unable to obtain employment because the demand for office workers in Ozark and Dothan was comparatively limited and, in addition, many employers were unwilling to employ the wives of service men on account of the uncertainty as to the length of their stay in the area.

The question is whether the plaintiff was available for work within the meaning of the Unemployment Compensation Act (Supp. [1939] §1339e [a] [2]).

The primary purpose of the Unemployment Compensation Act is to ameliorate the economic hardship consequent upon involuntary unemployment and to afford relief to persons involuntarily unemployed.

The plight in which the plaintiff has found herself while remaining in Ozark, in so far as her inability to find employment is concerned, is the result of her own choice. She voluntarily gave up her employment in New Haven and removed herself from an active labor market into an area where suitable employment opportunities are so restricted as to be comparatively nonexistent. Her inability to procure employ

ment has been brought about by her own voluntary action. It may be socially desirable that she be near her husband, but if the area where he is temporarily located is one where suitable employment opportunities are not available and she chooses to remain there regardless of the scarcity of opportunities for employment, she may not reasonably be said to be involuntarily unemployed, however much she may desire or seek employment. *Department of Labor, etc. vs. Unemployment Compensation Board, etc.*, 154 Pa. Super. 250, 35 Atl. (2d) 739; *Huiet vs. Schwob Mfg. Co.*, 196 Ga. 855, 27 S.E. (2d) 743.

It must be held that until the plaintiff returns to an area where she may reasonably expect to find employment she is not available for work within the meaning of the Unemployment Compensation Act.

The appeal is denied.